**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SCOTTSDALE INSURANCE
COMPANY,

        Plaintiff-Appellee,

v.

MICHAEL S. TOLLIVER;
SANDRA L. TOLLIVER,

        Defendants-Appellants.

No. 09-5002
(D.C. No. 4:04-CV-00227-CVE-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

A jury returned a verdict in favor of Scottsdale Insurance Company on its

claim against Michael S. Tolliver and Sandra L. Tolliver for cancellation of an

insurance policy. The Tollivers appeal the district court's denial of their motion

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and renewed motion for judgment as a matter of law, and their motion for new trial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Because the Tollivers challenge the sufficiency of the evidence to support the jury's verdict, we recite the evidence in the light most favorable to Scottsdale, the non-moving party with respect to defendants' motions. Scottsdale issued defendants a policy to insure a residential rental property in Tulsa, Oklahoma. The insurance application requested disclosure of the insured's loss history, specifically "any losses, whether or not paid by insurance, during the last 3 years, at this or at any other location." Aplt. App., Vol. III at 736. Defendants' application disclosed one $5,000 hail-damage claim in 2001. Mrs. Tolliver signed the application, attesting that she had read it and that the information it provided was "true, complete and correct to the best of [her] knowledge and belief." *Id.* Scottsdale subsequently denied a fire-loss claim under the policy based upon misrepresentations in the insurance application. Scottsdale then filed this declaratory judgment action against the Tollivers, seeking cancellation of the policy. The Tollivers filed counterclaims for breach of contract and bad faith.[1]

---

[1] The Tollivers' current appeal follows the second jury trial in this matter. Before the first trial the district court granted summary judgment in favor of Scottsdale on the Tollivers' bad faith claim, and the remainder of the claims were tried to a jury, which returned a verdict in favor of Scottsdale. In the Tollivers' previous appeal, another panel of this court affirmed the district court's grant of summary judgment on the bad faith claim, but remanded for a new trial due to a jury instruction error regarding Scottsdale's burden of proof on the issue of intent
(continued...)

The evidence at trial established that the Tollivers' application failed to disclose seven additional claims made by them in the preceding three years, totaling more than $170,000 and including two total-loss fire claims. Scottsdale had the burden at trial to prove by clear and convincing evidence that the Tollivers intended to deceive Scottsdale by omitting these additional claims from their application. The Tollivers' insurance agent, Everett Salley, testified that the information in the application was provided to him by Mrs. Tolliver, that he went over all of the questions in the application with her, and that he accurately recorded her responses. He stated that she told him about one hail-damage claim and that she mentioned other claims on rental properties. Mr. Salley testified that Mrs. Tolliver characterized these other claims as small. He inferred that these other claims were less than the $5,000 hail-damage claim that she specifically told him about. He testified categorically that she never told him about any of the seven claims that were not disclosed in the application. Mr. Salley also described a meeting with the Tollivers, after their claim had been denied by Scottsdale, during which they tried to get him to say that he had discussed the fire claims with Mrs. Tolliver before the application was submitted.

---

[1](...continued)
to deceive in support of its cancellation claim. *See Scottsdale Ins. Co. v. Tolliver*, 261 F. App'x 153 (10th Cir. 2008).

Mrs. Tolliver's testimony was in direct conflict with Mr. Salley's. She admitted that she was aware of all of the undisclosed losses at the time she signed the insurance application. But she claimed that she gave Mr. Salley information on these other claims and that he alone decided what was appropriate to list on the application. At another point she testified that Mr. Salley never asked for specific information about the other claims that she mentioned to him. Although she is a practicing attorney, Mrs. Tolliver denied reading the insurance application before she signed it. She also denied ever asking Mr. Salley to alter his records regarding the application.

The Tollivers' insurance application stated that the information included in it was "being offered to the company as an inducement to issue the policy for which [they were] applying." Aplt. App., Vol. III at 736. Vanessa Bagwell, Scottsdale's agent, testified that she relied on their application in issuing the policy. She had authority to issue policies for Scottsdale only within the underwriting guidelines that Scottsdale specified. One of those guidelines precluded her from issuing a policy to anyone who had more than three losses in the previous three years. Ms. Bagwell testified that she was not aware before the policy was issued that the Tollivers had seven additional undisclosed claims. She stated that, if those other claims had been disclosed by the Tollivers, she would not have been authorized to issue them a policy under Scottsdale's underwriting guidelines.

Defendants introduced evidence that they submitted a liability claim to Scottsdale under the same insurance policy and that Scottsdale defended that claim on their behalf, without a reservation of rights, even after Scottsdale denied their fire claim and filed this lawsuit. Scottsdale's claim representative, who was responsible for the denial of the Tollivers' fire claim, testified that property and liability claims are handled by separate groups within the company and that she had no authority over the liability claim.

The district court denied the Tollivers' motion for judgment as a matter of law after the close of all the evidence. Following the jury's verdict for Scottsdale on all claims and the district court's entry of judgment, they filed a renewed motion for judgment as a matter of law and a motion for new trial. The district court denied both post-judgment motions in an opinion and order dated December 8, 2008, and the Tollivers filed a timely appeal.

We review de novo the district court's denial of a motion and a renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50. *Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1503 (10th Cir. 1994).

> Accordingly, we must determine whether there is evidence upon which the jury could properly find a verdict for the party against whom the motion is directed. We must construe the evidence and inferences most favorably to the nonmoving party, and refrain from weighing the evidence, passing on the credibility of witnesses, or substituting our judgment for that of the jury. Although federal law dictates whether a judgment as a matter of law is appropriate, in a diversity case we examine the evidence in terms of the underlying burden of proof as dictated by state law.

*Id.* (citations omitted). A district court "must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law." *Bristol v. Bd. of County Comm'rs*, 312 F.3d 1213, 1216 (10th Cir. 2002) (quotation and ellipses omitted). The Tollivers argued in their motion and renewed motion that judgment as a matter of law on Scottsdale's cancellation claim was appropriate because (1) Ms. Bagwell did not rely on their insurance application in initially binding the policy before it was issued, and (2) Scottsdale failed to produce clear and convincing evidence of Mrs. Tolliver's intent to deceive.

On the first issue the district court noted that defendants' contention failed to address Ms. Bagwell's trial testimony in its entirety. She explained that she can bind temporary coverage based upon a quote, but an insurance policy is not issued until an application is submitted. Moreover, if she binds coverage, but a later application fails to meet the underwriting guidelines, she would issue a policy and then issue a notice of cancellation. The district court concluded:

> The jury could have credited Bagwell's testimony that omission of relevant loss history altered [her] decision to bind coverage and eventually issue an insurance policy to the Tollivers on behalf of Scottsdale, and the decision to bind coverage did not result in a waiver of Scottsdale's right to deny a claim based on misrepresentations in the application.

Aplt. App., Vol. I at 422-23. On the second issue, the district court noted that the Tollivers' argument required the court to assume that the jury believed Mrs. Tolliver's testimony. It concluded:

> The jury was presented with the testimony of two witnesses with different stories, Sandra Tolliver and Everett Salley, and the jury's decision on witness credibility controlled their verdict. . . . If the jury found Salley's testimony credible and did not believe Sandra Tolliver's testimony, there is sufficient evidence to support the jury's finding that defendants intended to deceive Scottsdale, and for the jury this evidence could meet the instructed definition of clear and convincing evidence.

*Id.* at 424-25. We affirm the district court's denial of defendants' motion and renewed motion for judgment as a matter of law on the basis of its ruling in the December 8, 2008 opinion and order.

We review the district court's denial of a motion for new trial under Fed. R. Civ. P. 59(a) for an abuse of discretion. *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009). "If a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." *Id.* (quotation omitted). The Tollivers asserted in their motion that the jury's rejection of their waiver defense was against the weight of the evidence, which established that Scottsdale continued to defend a separate liability claim under the same policy after it denied the fire claim and filed this lawsuit to cancel the policy. The district court concluded that, "without more, this is not evidence that

Scottsdale voluntarily and intentionally waived its right to cancel the policy due to Sandra Tolliver's omission of relevant loss history." Aplt. App., Vol I at 427. Finding no abuse of discretion in the district court's ruling, we affirm its denial of the Tollivers' motion for new trial on the basis of its ruling in the December 8, 2008 opinion and order.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge