**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SCOTTSDALE INSURANCE
COMPANY,

        Respondent - Appellee,

v.

MICHAEL S. TOLLIVER and
SANDRA L. TOLLIVER,

        Petitioners - Appellants.

No. 09-5150

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 4:04-CV-00227-CVE-FHM)**

---

Brian E. Dittrich, Dittrich Law Firm, Tulsa, OK, for Petitioners-Appellants.

James E. Weger (C. Michael Copeland, Tadd J. P. Bogan, Adam J. Strange, with him on
the briefs), Jones, Gotcher & Bogan, Tulsa, OK, for Respondent-Appellee.

---

Before **KELLY** and **GORSUCH**, Circuit Judges, and **MELGREN**, District Judge.[*]

---

**MELGREN,** District Judge

---

      [*]The Honorable Eric F. Melgren, United States District Court for the District of
Kansas, sitting by designation.

In this diversity case, Defendants Sandra and Michael Tolliver appeal from the district court's order granting Plaintiff Scottsdale Insurance Company's Motion for Attorneys' Fees. The Tollivers contend that because the Oklahoma statute allowing such fees, Okla. Stat. tit. 12, § 1101.1, is procedural and because that statute is in conflict with the procedure of Rule 68 of the Federal Rules of Civil Procedure, the attorneys' fees awarded by the district court violated the principles of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Scottsdale denies any collision between the Oklahoma statute and Rule 68, and argues that because § 1101.1(B)(3) of the Oklahoma statute is substantive, the district court properly awarded attorneys' fees under state law. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM, but for reasons other than those relied upon by the district court.

## I.

The Tollivers purchased a dwelling insurance policy from Scottsdale Insurance Company to insure a residential property they owned in Tulsa, Oklahoma. After the house was destroyed by fire, the Tollivers submitted a claim to Scottsdale pursuant to that policy. In the process of investigating the claim, Scottsdale discovered that the Tollivers had failed to disclose on their application for insurance their complete loss history, which included two total-loss fire claims within the prior three years. Based on this omission, Scottsdale filed a declaratory judgment action seeking to avoid payment of the Tollivers' claim and rescission of the policy due to misrepresentation.

The Tollivers asserted counterclaims against Scottsdale for bad faith and breach of

contract.  Scottsdale moved for summary judgment on all of the Tollivers' counterclaims

and prevailed only with respect to the bad faith claim.  Thereafter, Scottsdale made an

offer of judgment to the Tollivers pursuant to both Rule 68 and § 1101.1 regarding the

Tollivers' counterclaims.[1]  In this offer, Scottsdale agreed to have judgment taken against

it in the amount of $25,000, inclusive of costs and attorneys' fees.  The Tollivers rejected

Scottsdale's offer of judgment.

The action proceeded to trial where the jury returned a verdict in favor of

Scottsdale.  After trial, the Tollivers appealed.  We affirmed the district court's grant of

summary judgment on the Tollivers' bad faith claim, but reversed and remanded based on

the district court's erroneous instruction on the burden on proof with respect to the

element of intent to deceive under Okla. Stat. tit. 36, § 3609, a statute concerning

representations made in applications for insurance coverage.  *See Scottsdale Ins. Co. v.

Tolliver*, 261 Fed. Appx. 153, 162 (10th Cir. 2008).  After remand, a second trial returned

---

[1]Rule 68 permits a party defending against a claim to serve upon the plaintiff an offer of judgment.  If the plaintiff fails to accept that offer and receives judgment less favorable than the offer, the defendant is entitled to costs incurred after the offer was made.  Fed. R. Civ. P. 68(a), (d).  Section 1101.1 allows a defendant, in certain actions, to make a similar offer of judgment, but where a plaintiff receives judgment less favorable than the offer, the defendant is entitled to recover reasonable attorneys' fees in addition to costs incurred after the offer was made.  Okla. Stat. tit. 12, § 1101.1(B). While the federal courts have held Rule 68 inapplicable where a defendant receives a judgment in its favor, *see Delta Air Lines, Inc. v. August*, 450 U.S. 346. 352 (1981); *Fry v. Bd. of Cnty. Comm'rs of Baca*, 7 F.3d 936, 943-44 (10th Cir. 1993), the Oklahoma courts have interpreted § 1101.1 so as to apply whether the plaintiff or defendant receives judgment in its favor.  *See S.R. v. Stockdale*, 216 P.3d 305, 308 (Okla. Civ. App. 2009); *CFS v. J.P. Morgan*, 152 P.3d 897, 901 (Okla. Civ. App. 2007); *Commercial Fin. Servs., Inc. v. J.P. Morgan Sec., Inc.*, 152 P.3d 897, 901 (Okla. Civ. App. 2006).

a verdict in Scottsdale's favor, and the Tollivers again appealed the jury's verdict. We affirmed. *Scottsdale Ins. Co. v. Tolliver*, 343 Fed. Appx. 347 (2009).

After we affirmed the jury's verdict from the second trial, Scottsdale moved the district court for attorneys' fees pursuant to § 1101.1. While the Tollivers opposed Scottsdale's right to attorneys' fees, the parties stipulated that the proper amount of attorneys' fees, should the district court determine that Scottsdale was entitled to recover, was $140,000. The district court referred Scottsdale's motion to a magistrate judge for a report and recommendation, who recommended that Scottsdale be awarded attorneys' fees pursuant to § 1101.1. The Tollivers objected to the magistrate judge's report and recommendation. The district court reviewed the matter de novo, accepted the magistrate judge's report, and granted Scottsdale's attorneys' fee request.

## II.

"We review a district court's decision on whether to award attorney fees for abuse of discretion, but we review de novo the district court's application of the legal principles underlying that decision." *Pound v. Airosol Co., Inc.*, 498 F.3d 1100-01 (10th Cir. 2007).

The Tollivers challenge the district court's award of attorneys' fees by first arguing that the procedural requirements for both Rule 68 and the Oklahoma statute, which Scottsdale contends provides the basis for the award, are in direct conflict, and as a result, the Oklahoma statute is inapplicable in federal court pursuant to the *Erie* doctrine, precluding Scottsdale's claim for attorneys' fees. The Tollivers argue that § 1101.1 requires that an offer of judgment be filed with the court regardless of whether it is

accepted, while Rule 68 provides the opposite by prohibiting the filing of an unaccepted offer. Applying *Erie* and its progeny, the district court determined that because Rule 68 and § 1101.1 collided with respect to the procedural mechanism for making an offer of judgment, a federal court must apply the procedure of Rule 68. The district court further stated that because Scottsdale clearly intended to make its offer of judgment under both Rule 68 and § 1101.1, and because Scottsdale followed the correct procedure for making an offer of judgment in federal court under Rule 68, its offer did not become invalid due to its failure to follow § 1101.1's requirement that the offer be filed with the court.[2]

We have held that the "first analytical step" in an *Erie* case "is to determine whether [a state] statute collides with any federal procedural rule." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539 (10th Cir. 1996) (quoting *Hanna v. Plumer*, 380 U.S. 460, 470 (1965)). In other words, we must determine " 'whether, when fairly construed, the scope of [the Federal Rule] is "sufficiently broad" to cause a "direct collision" with the state law or, implicitly, to "control the issue" before the court.' " *Id.* at 1539-40 (quoting *Burlington N. RR. Co. v. Woods*, 480 U.S. 1, 4-5 (1987) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980))) (alteration in original). In such a case, there "leav[es] no room for the operation of [the state] law," and we must apply the Federal Rule unless the Rule violates the Rules Enabling Act or is unconstitutional. *Id.*; *see Walker v. Armco Steel Corp.*, 445 U.S. 740, 749-50 (1980);

---

[2]The district court further stated that had Scottsdale filed its offer of judgment, it would have violated strong federal policy against filing unaccepted offers of judgment, and the district court would have struck the filing. Aplt. App. 35-36.

*Hanna*, 380 U.S. at 471. Put another way, a "clear case" under *Erie* occurs when:

> [T]he state rule is in actual conflict with one of the Federal Rules of Civil Procedure, so that enforcing the state rule would knock out the federal rule. If the federal rule is within the scope of the Rules Enabling Act, 28 U.S.C. § 2071(a), under which the Federal Rules were promulgated, then it is valid (barring some constitutional objection . . .) and the Supremacy Clause requires that the state rules give way. *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995).

There already exists broad guidelines concerning the meaning of the term "conflict." On one end of the spectrum, the Supreme Court has explained that a "direct collision . . . is not meant to mandate that federal law and state law be perfectly coextensive and equally applicable to the issue at hand." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 26 n.4 (1988). On the other end of the spectrum, we have held that if the state and federal rules have only "superficial similarity," there is no direct collision if each rule " 'can exist side by side, . . . each controlling its own intended sphere of coverage without conflict.' " *Trierweiler*, 90 F.3d at 1540 (quoting *Walker*, 446 U.S. at 752).

"Only when there is a conflict between state and federal substantive law are the concerns of *Erie*[] at issue." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52, (1991). Since this case is grounded on diversity jurisdiction, we are obligated by the *Erie* doctrine to apply the substantive law of the forum state, in this case Oklahoma, but we apply federal procedural law. *Erie*, 304 U.S. at 78; *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Fincher ex rel. Fincher v. Prudential Prop. & Cas. Ins. Co.*, 374 Fed. Appx. 833, 838 (10th Cir. 2010) (citing *Blank v. Alexander*, 152 F.3d 1224, 1228,

1230 (10th Cir. 1998)).  This policy serves to satisfy the twin aims of the rule in *Erie*,

which is to discourage forum shopping and avoid the inequitable administration of the

laws.  *Hannah*, 380 U.S. at 468 (citing *Erie*, 304 U.S. at 74-75).  We therefore must

determine to what extent, if any, § 1101.1 and Rule 68 collides.

The district court concluded that Okla. Stat. tit. 12, § 1101.1(B)(1)[3] and Rule

68(a)[4] are in direct conflict with respect to the manner in which a party is required to

---

[3]Okla. Stat. tit. 12, § 1101.1(B)(1) provides:
After a civil action is brought for the recovery of money or property in an action . . . , any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, file:

> a. a written acceptance or rejection of the offer, or
> b. a counteroffer of judgment, as described in paragraph 2 of this subsection.

If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. The fact an offer of judgment is made but not accepted or is deemed rejected does not preclude subsequent timely offers of judgment.

[4]Rule 68(a) of the Federal Rules of Civil Procedure provides:
At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

-7-

make an offer of judgment.[5]  As a result, the district court held that the federal rule applies when making an offer of judgment in federal court.  Because § 1101.1 requires that a party initially file the offer of judgment with the court, and because Rule 68 precludes a defendant from filing an offer of judgment with the court at the time the offer is made, a party is unable to satisfy the procedural requirement of the state statute without violating Rule 68's filing restriction in federal court.  Accordingly, we agree with the district court that, with respect to the filing requirements of § 1101.1(B)(1) and Rule 68(a), the state procedure is in direct collision with the federal procedure, and thus, the federal rule must prevail.  *See Walker*, 446 U.S. at 750 n.9.

As the basis for its attorneys' fee claim, Scottsdale relies on Okla. Stat. tit. 12, § 1101.1(B)(3).[6]  Section 1101.1(B)(3) entitles a defendant to the recovery of costs and its reasonable attorneys' fees after an offer of judgment when the judgment awarded is less than the amount of the offer.  Rule 68 operates in a similar fashion, but only permits the recovery of reasonable costs incurred after the offer.  Fed. R. Civ. P. 68(d).  Rule 68 does

---

[5]Neither party disputes that § 1101.1(B)(1) is procedural, as the provision clearly regulates the "manner and means" by which the litigants rights are enforced.  *See Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, --- U.S. ---- , 130 S. Ct. 1431, 1442 (2010).

[6]Okla. Stat. tit. 12, § 1101.1(B)(3) provides:
If no offer of judgment or counteroffer of judgment is accepted and the judgment awarded the plaintiff is less than one or more offers of judgment, the defendant shall be entitled to reasonable litigation costs and reasonable attorney fees incurred by the defendant with respect to the action or the claim or claims included in the offer of judgment from and after the date of the first offer of judgment which is greater than the judgment until the date of the judgment. Such costs and fees may be offset from the judgment entered against the offering defendant.

not provide for the recovery of attorneys' fees, nor does it allow for the recovery of costs where the defendant receives judgment in its favor.[7] Despite these differences, we conclude that § 1101.1(B)(3) and Rule 68 do not collide, and each "can exist side by side . . . controlling [their] own sphere of coverage without conflict." *See Trierweiler*, 90 F.3d at 1540 (citing *Walker*, 446 U.S. at 741). Section 1101.1(B)(3) does nothing to impede the operation of Rule 68 where judgment is in favor of a plaintiff. Instead, the statute provides a party with the additional advantage of recovering attorneys' fees. Where judgment is in the defendant's favor, Rule 68 simply becomes inapplicable. As a result, no federal rule exists for which § 1101.1(B)(3) may collide, leaving § 1101.1(B)(3) to operate on its own.

In awarding Scottsdale its reasonable attorneys' fees, the district court concluded that § 1101.1(B)(3) was substantive as opposed to procedural law, and as a result, applied the statute to Scottsdale's claim. The Tollivers, however, argue that because Oklahoma's Title 12 as a whole is procedural, § 1101.1(B)(3) is procedural, and accordingly, the statute is precluded by *Erie* and has no application in federal court. We find this argument unpersuasive, as this Court has already found that Title 12 of the Oklahoma

---

[7]Generally, "the costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the general § 1920 definition." *Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1404-05 (10th Cir. 1993) (quoting *Parkes v. Hall,* 906 F.2d 658, 660 (11th Cir.1990)); *see also Marek v. Chesny*, 473 U.S. 1, 9 (1985) (where the underlying substantive law defines costs to include attorneys' fees, such fees are included as costs under Rule 68). Costs enumerated in 28 U.S.C. § 1920 include those items typically included in a bill of costs but do not include attorneys' fees.

Statutes includes certain substantive provisions. *See Boyd Rosene & Assoc., Inc. v. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1119 n.4 (10th Cir. 1999) (involving a different provision in Title 12 which also awards attorneys' fees). However, because our prior holdings have not addressed § 1101.1(B)(3) specifically, we must determine whether § 1101.1(B)(3) itself is procedural or whether the statute creates a substantive right to fees, as Scottsdale suggests. If the statute is procedural, federal law applies, but if it is substantive, then the court must follow the law of the forum state. *See Erie*, 304 U.S. at 78.

We have previously held that "[i]n diversity cases, attorney fees are a substantive matter controlled by state law." *Mooring Capital Fund, LLC v. Knight*, 2010 WL 2881529, at \*10 (10th Cir. July 22, 2010) (citing *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008)); *see also Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). Although our previous holdings did not involve Rule 68 offers of judgment, those holdings comport with the Supreme Court's determination that statutory provisions permitting an award of attorneys' fees are substantive where the statute permits the prevailing party in certain classes of litigation to recover attorneys' fees. *See Chambers v.NASCO, Inc.*, 501 U.S. 32, 52-53 (1991); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n.31 (1975); *Hanna*, 380 U.S. at 469. Substantive fees are those which are "tied to the outcome of the litigation," whereas procedural fees are generally based on a litigant's "bad faith conduct in litigation." *See Chambers*, 501 U.S. at 52-53; *see also Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, --- U.S. ----,

130 S. Ct. 1431, 1442 (2010) (citing *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941))

(procedural rules regulate "the judicial process for enforcing rights and duties recognized

by substantive law and for justly administering remedy and redress for disregard or

infraction of them"); *Monganroth & Monganroth v. DeLorean*, 213 F.3d 1301, 1317

(10th Cir. 2000); *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 412-13 (5th Cir.

2006) (attorneys' fees statute at issue was procedural where the award was not tied to the

outcome of the litigation). The distinction revolves around whether "[f]ee shifting . . . is .

. . a matter of substantive remedy, [or] of vindicating [federal] judicial authority."

*Chambers*, 501 U.S. at 55. In other words, "[i]f it governs only "the manner and means"

by which the litigants' rights are "enforced," [the rule is procedural]." *Shady Grove*, 130

S. Ct. at 1442 (citing *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 445 (1946)).

However, "if it alters "the rules of decision by which [the] court will adjudicate [those]

rights," it is substantive. *Id.*

   With the foregoing in mind, we turn to the Oklahoma statute. Whether a

defendant[8] is entitled to attorneys' fees under § 1101.1(B)(3) depends on both the

plaintiff's decision to either accept or reject the offer of judgment, and the ultimate

judgment of the case. The statute prompts a plaintiff to evaluate the risks and the costs of

litigation, and to balance those risks against the likelihood of success on the merits when

determining whether or not to settle a case. *See Boston Ave. Mgmt., Inc. v. Associated*

---

[8]Although Scottsdale was the plaintiff in this litigation, it was the defendant for the counterclaim with respect to which it made the offer of judgment. Therefore, for purposes of this matter, Scottsdale is the defendant.

*Res., Inc.*, 152 P.3d 880, 885-86 (Okla. 2007). A plaintiff that fails to properly evaluate the merits of their case in deciding whether to accept or reject an offer of judgment faces the penalty of paying the defendant's attorneys' fees. The entitlement to award of fees after this decision depends on the judgment amount the plaintiff ultimately receives. As a result, the distinction between the plaintiff's "litigation conduct" and the "outcome of the litigation" is inconclusive in this case.

The twin aims of *Erie* cause us to decide whether failing to apply § 1101.1(B)(3) would lead to either forum shopping or horizontal inequity. *See Hanna*, 380 U.S. at 468. Section 1101.1(B)(3) provides a defendant with a powerful shield to protect it against frivolous litigation by causing a plaintiff to seriously consider the merits of a claim after receiving a reasonable offer of judgment. In the event that a plaintiff insists on pursuing a claim to trial after receiving an offer of judgment, he becomes at risk of paying the defendant's attorneys' fees. Because there is no federal rule providing a defendant with this same protection, we must conclude that not applying this statute would lead to forum shopping – a plaintiff will choose federal over state court to avoid providing a defendant with this option. If § 1101.1(B)(3) were to apply in state but not federal court, a state court defendant would have an advantage that is unavailable to a defendant with an identical claim in federal court under diversity jurisdiction. This result makes § 1101.1(B)(3) substantive. As a result, we apply Oklahoma substantive law, specifically § 1101.1(B)(3), to the matter before us. *See Erie*, 304 U.S. at 78. To do otherwise would undoubtedly result in an "inequitable administration of the laws" and be contrary to the

twin aims of *Erie*. *See Chambers*, 501 U.S. at 52 (citing *Hanna*, 380 U.S. at 468).

In applying the federal rule, the district court correctly recognized that Rule 68 applies only with respect to cost shifting and did not provide Scottsdale with a right to attorneys' fees. Nevertheless, relying on the reasoning of *MRO Commc'ns Inc. v. AT & T Corp.*, 197 F.3d 1276 (9th Cir. 1999), the district court split the Rule, applying the filing provision of Rule 68 while following the substantive provisions of § 1101.1(B)(3).[9] While we find this improper, we conclude that it was not improper for Scottsdale to follow Rule 68's procedure at the time it made its offer of judgment. At that time, it was reasonable for Scottsdale to serve its offer pursuant to Rule 68 because the outcome of the trial was yet unknown, and Rule 68 was the only federal rule relating to offers of judgment regarding costs. Scottsdale's offer of judgment not only included its attorneys' fees, but also included its costs, thereby implicating Rule 68 at the time it made the offer. It was therefore conceivable that at that time, the Tollivers might prevail on their claims yet receive a judgment less favorable than Scottsdale's offer. In that event, Rule 68 would have been applicable with respect to a claim for costs by Scottsdale. Thus,

---

[9]*MRO* concerned an offer of judgment made under Rule 68 that did not refer to attorneys' fees. *See MRO*, 197 F.3d at 1279. The defendant prevailed and filed a motion for attorneys' fees pursuant to Rule 54(d)(2), which the district court granted. *Id.* at 1280. The Ninth Circuit held Rule 68 inapplicable because the defendant, and not the plaintiff, was the prevailing party. Although the Ninth Circuit stated that Rule 68 provides the procedure for making offers of judgment in federal court, it recognized that the federal rules require an independent source of authority for awarding attorneys' fees, which in *MRO*, was Nevada substantive law. *Id.* at 1279, 1281. The court went on to analyze the defendant's post-judgment attorneys' fees motion pursuant to Rule 54(d)(2), a Rule not at issue in this appeal.

-13-

Scottsdale properly relied on Rule 68 at the time it served its offer of judgment on the Tollivers.

While it was not improper for Scottsdale to rely on Rule 68 at the time it made its offer of judgment, it could no longer rely on the Rule after receiving judgment in its favor because Rule 68 only applies to offers made by the party defending against a claim and only to judgments obtained by the plaintiff. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Fry v. Bd. of County Comm'rs of Baca*, 7 F.3d 936, 943 (10th Cir. 1993). Here, the Tollivers failed to received a judgment in their favor; rather, it was Scottsdale that prevailed in defending against the Tollivers' claims. Accordingly, Rule 68 is not only inapplicable to Scottsdale's claim for fees, but it also provides no grounds for an award of costs. Section 1101.1(B)(3), therefore, is the applicable substantive law entitling Scottsdale to its reasonable attorneys' fees.

### III.

In conclusion, because of the result of the trial, Rule 68 of the Federal Rules of Civil Procedure is inapplicable to Scottsdale's claim for attorneys' fees based on its offer of judgment. Oklahoma substantive law, specifically Okla. Stat. tit. 12, § 1101.1(B)(3), governs Scottsdale's claim. For the reasons discussed in this opinion, we AFFIRM the district court, but for reasons different than those upon which the district court relied.