**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WEST RIDGE GROUP, L.L.C.,

        Plaintiff-Appellee/
        Cross-Appellant,

v.

FIRST TRUST COMPANY OF
ONAGA; ROGER CROUCH;
MORRILL AND JANES BANK AND
TRUST; and NEILL H. TAYLOR,

        Defendants-Appellants/
        Cross-Appellees,

and

PHILLIP ANSELMO,

        Attorney-Movant.

Nos. 10-1164 & 10-1185
(D.C. No. 1:07-CV-01587-WYD-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

West Ridge Group, L.L.C., sued two individual defendants (Neill H. Taylor and Roger Crouch) and two bank defendants (First Trust Company of Onaga, and Morrill and Janes Bank and Trust) based on a real estate transaction. After the district court granted judgment in favor of defendants, the dispute shifted to attorney-fee issues. The parties' appeals, which have been consolidated for purposes of briefing and record submission, concern the district court's denial of fees to the individual defendants and partial award of fees to the bank defendants. We affirm the rulings of the district court.

## I.

West Ridge purchased four parcels of real property, totaling about 160 acres in Delta County, Colorado. It gave a promissory note for a portion of the purchase price and executed a deed of trust to secure the debt. The individual defendants became the holders of the note, using funds in their individual retirement accounts held at defendant First Trust Company of Onaga and transferred through defendant Morrill and Janes Bank and Trust.

The note did not assign a specific value to any of the separate parcels comprising the purchased property. When West Ridge wished to have the most valuable parcel released from the deed of trust, a disagreement arose over the interpretation of the applicable note provision. Under the terms of the note, payment of a pro-rata amount would accomplish a partial release of property.

West Ridge proposed payment of an amount based on the total acreage of the encumbered property. The individual defendants demanded more money, calculated on the relative value of the property. Eventually, West Ridge paid the higher amount and the individual defendants released the parcel. The bank defendants had no involvement in the release transaction.

Represented by movant Phillip Anselmo, an attorney and managing member, West Ridge filed suit for return of the release payment and related damages, asserting a variety of tort, statutory, equitable, and contract claims against both sets of defendants. At some point during the litigation, the note was paid in full and the entire property released from the deed of trust.

All defendants filed motions for summary judgment. With regard to the bank defendants, the district court concluded that West Ridge had failed to demonstrate any factual or legal reason to hold them liable. It therefore entered summary judgment in their favor. In resolving the individual defendants' motion, the district court granted summary judgment on all claims against them with one exception: the contract claim concerning the proper interpretation of the term "pro-rata." That claim proceeded to a bench trial.

After trial, the district court granted judgment for the individual defendants on the contract claim as well. As this court explained on appeal, "[o]f the two possible interpretations . . . advanced in this litigation, that of Defendants is . . . more in keeping with the overall aims of the transaction," so that "the term

'pro rata,'" as used in the note, "refers to a ratio of values of the property rather than a ratio of mere acres." *West Ridge Group, LLC v. First Trust Co. of Onaga*, No. 09-1358, 2011 WL 635567, at \*10 (10th Cir. Feb. 23, 2011) (affirming district court's judgment).

Having prevailed on the merits, both sets of defendants sought an award of attorney fees. The individual defendants' motion claimed entitlement under Colo. Rev. Stat. § 13-17-102, which provides for a fee award upon a finding that the action lacked substantial justification. Alternatively, they argued for reimbursement based on language in the deed of trust allowing the lender to recover fees in connection with a proceeding that "materially affects Lender's interest in the Property," Aplt. App., Vol. III, at 935, ¶ 9.

The district court could not "say that West Ridge's conduct lacked substantial justification, or was frivolous, groundless, or undertaken in bad faith." *Id.* at 1015. Accordingly, it concluded that the Colorado statute did not provide a basis for a fee award. The district court also determined that the deed of trust provision was inapplicable because the lawsuit did "not directly implicate any of the terms in the Deed of Trust" and could not "be characterized as one that 'materially affects' [defendants'] interest in the Property." *Id.* at 1014. In particular, it noted that the individual defendants "remained fully secured throughout the pendency of [the] litigation." *Id.* In accord with these findings, the district court denied the individual defendants' fee motion.

The bank defendants also sought fees, arguing that West Ridge's conduct during the lawsuit should result in a fee award under Colo. Rev. Stat. § 13-17-102. The district court found that West Ridge's litigation practices were acceptable until the bank defendants filed their motion for summary judgment, but its arguments in response to the motion were groundless and unsupported. It therefore granted the bank defendants' motion in part, awarding them $15,431.50 in fees incurred in connection with their summary judgment motion. The fees were assessed jointly and severally against West Ridge and its attorney, Phillip Anselmo.

In these cross-appeals, the individual defendants appeal the denial of their fee motion and the bank defendants appeal the amount of the award. West Ridge initially appealed the award of attorney fees to the bank defendants, although its briefs do not pursue that claim.

## II.

As a preliminary matter, we must address Mr. Anselmo's motion requesting the status of appellee and cross-appellant. This court has permitted Mr. Anselmo, an experienced attorney, to submit filings as a nominal party, but noted that the interim ruling did not amount to a legal determination that he is a proper party.

The record indicates that Mr. Anselmo was not a party in the district court. In this court, the individual defendants did not include him in their notice of appeal in No. 10-1164 and Mr. Anselmo entered an appearance only as counsel

for West Ridge. Moreover, in No. 10-1185, Mr. Anselmo drafted and filed the West Ridge notice of appeal. He must have recognized at the time that the district court's order made him jointly and severally liable for the fee award to the bank defendants. Nevertheless, he did not name himself as a party or make his "intent to appeal . . . otherwise clear from the notice." Fed. R. App. P. 3(c)(4). Only after West Ridge removed him as managing member and requested his withdrawal as counsel did Mr. Anselmo seek designation as an appellant.

We conclude that Mr. Anselmo is not a proper party in these matters. In No. 10-1164, his interest is solely that of a member of West Ridge, the named appellee. Mr. Anselmo will be adequately represented by current counsel for West Ridge. With regard to No. 10-1185, in which he wishes to be designated cross-appellant and appellee, we are compelled to abide by Rule 3 of the Federal Rules of Appellate Procedure. A notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." Fed. R. App. P. 3(c)(1)(A). Yet, regarding himself, Mr. Anselmo did not adhere to this requirement, either by explicitly naming himself as a party or through some other acceptable means. "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review. Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (citation omitted).

Because Mr. Anselmo did not take timely steps to protect his separate interests earlier, he may not be heard now.  His motion to be added as a party is denied.  Moreover, we do not consider his briefs in our resolution of these cases.

**III.**

"We review a district court's decision on whether to award attorney fees for abuse of discretion, but we review de novo the district court's application of the legal principles underlying that decision." *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1276 (10th Cir. 2011) (quotation omitted).  "In diversity cases, attorney fees are a substantive matter controlled by state law." *Id.* at 1279 (quotation and ellipses omitted).

Colorado follows the general American rule:  a party cannot recover legal fees unless a case falls within an exception authorized by a statute, court rule, contractual agreement, or the common law.  *See Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936, 940-41 (Colo. 1993).  The Colorado courts "narrowly construe limitations of the American Rule." *Crandall v. City & County of Denver*, 238 P.3d 659, 662 (Colo. 2010).  Moreover, the party requesting fees "bears the burden of establishing entitlement to an award." *Anderson v. Sec'y of Health & Human Servs.,* 80 F.3d 1500, 1504 (10th Cir. 1996) (quotation omitted); *see also Anderson v. Pursell*, 244 P.3d 1188, 1194 (Colo. 2010) (setting forth same allocation of the burden of proof).

### A. Individual Defendants' Appeal

The individual defendants assert that they should have been awarded their attorney fees under either a Colorado fee-shifting statute, Colo. Rev. Stat. § 13-17-102, or a provision of the deed of trust. They claim that the district court minimized the vexatious nature of West Ridge's behavior and wrongly interpreted the contractual agreement.

### 1. Denial of Fees under Colo. Rev. Stat. § 13-17-102

In pertinent part, the relevant Colorado statute provides for an award of attorney fees against an attorney or party who "brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." Colo. Rev. Stat. § 13-17-102(2). Further, fees are to be assessed if the court finds that the action, or a part of the action "was interposed for delay or harassment" or that "an attorney or party unnecessarily expanded the proceeding by other improper conduct." *Id.*, § 13-17-102(4).

The phrase "lacked substantial justification means substantially frivolous, substantially groundless, or substantially vexatious." *Id.* "Where rational minds can disagree . . . a party's claims to pursue a creative, but ultimately wrong, legal theory to protect its significant rights are not substantially frivolous, groundless, or vexatious." *Cherokee Metro. Dist. v. Upper Black Squirrel Creek Designated Ground Water Mgmt. Dist.*, 247 P.3d 567, 576 (Colo. 2011).

The individual defendants emphasize that the majority of West Ridge's claims against them were dismissed and complain that West Ridge, through Mr. Anselmo, engaged in "repeated misconduct . . . throughout th[e] litigation." Aplt. Br. at 40. The district court, however, focused its analysis on the contract claim that proceeded to trial. It found that the legal and factual issues raised by that claim "were not completely straightforward." Aplt. App., Vol. III, at 1015. Further, it observed that West Ridge's failings during the course of the litigation "most significantly impacted the Court and staff, as opposed to the Defendants." *Id.* at 1015-16. The district court therefore declined to award attorney fees to the individual defendants.

We review the propriety of the district court's ruling for abuse of discretion because defendants question the court's factual analysis, not its interpretation of the statute. *See Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1213 (10th Cir. 2010). Under the abuse-of-discretion standard, we do not disturb a ruling without "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* at 1213 (quotation omitted). Our examination of the record suggests no reason to reverse the district court's determination. In denying a fee award under the Colorado statute, the district court committed no legal error, did not rely "on clearly erroneous factual findings," and provided a "rational basis in the evidence for its ruling." *Id.* (quotation omitted).

## 2. Denial of Fees under the Deed of Trust Provision

The "construction of a written instrument is a question of law which we review de novo." *Resolution Trust Corp. v. Mustang Partners*, 946 F.2d 103, 104 (10th Cir. 1991). Colorado courts "interpret fee-shifting provisions in a contract in a common sense manner." *Butler v. Lembeck*, 182 P.3d 1185, 1189 (Colo. App. 2007) (citing *Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1192 (Colo. 2001), disapproving "an overly technical reading of a fairly simple provision"). The parties' agreement must "expressly provide[]" for an award of fees. *Bunnett v. Smallwood*, 793 P.2d 157, 162 (Colo. 1990). "In the absence of a plain, unambiguous agreement for an award of attorney fees and costs," a Colorado court "will not create such a remedy for the parties." *Id.* at 163.

For their contractual claim to a fee award, the individual defendants rely on a provision in the deed of trust that states if an "action or proceeding is commenced *which materially affects Lender's interest in the Property*" and the Lender disburses attorney fees to protect this interest, then such amounts "become additional indebtedness of [the] Borrower." Aplt. App., Vol. III, at 935, ¶ 9 (emphasis added). As one basis for its denial of fees, the district court determined that the contractual fee-shifting provision was inapplicable because the lawsuit involved interpretation of the promissory note and "did not directly implicate any of the terms in the Deed of Trust." *Id.* at 1014.

-10-

West Ridge continues to argue the importance of this distinction on appeal. However, "the various instruments signed by the parties" in the course of a transaction are generally construed together. *See Larson v. Am. Nat'l Bank of Denver*, 484 P.2d 1230, 1232 (Colo. 1971). Moreover, the note cross-referenced the deed of trust and stated that the "Deed of Trust contains additional rights of the Note Holder." Aplt. App., Vol. III, at 940, ¶ 6. Accordingly, we will read the two documents together.

But even when we do so, we conclude that the parties' agreement does not authorize a departure from the American Rule. The deed of trust provides for a payment of attorney fees in a legal matter "which materially affects Lender's interest in the Property." Aplt. App., Vol. III, at 935, ¶ 9. West Ridge's claims involved the interpretation of the term "pro rata" to establish the appropriate payment for release of one specific parcel.

The key fact is that the individual defendants had released their security interest in that parcel by the time West Ridge filed suit. As a result, the individual defendants had *no* secured interest in the property at the center of the case. The district court properly concluded that the lawsuit did not have a material effect on the property interests of the individual defendants. Under the circumstances of this case, the deed-of-trust provision does not clearly and unambiguously provide for an award of attorney fees.

**B. Appeal and Cross-Appeal of Award to Bank Defendants**

West Ridge initially challenged the $15,431.50 award of attorney fees to the bank defendants, imposed under Colo. Rev. Stat. § 13-17-102, for making groundless arguments in response to the bank defendants' summary judgment motion. West Ridge's appellate briefs, however, do not argue that position. *See* Opening Br. at 12 ("The District Court . . . properly granted in part and denied in part the Bank Defendants' motion for attorney fees[.]") We commend West Ridge and its current attorney for this candid revision of its appellate position.

The bank defendants, however, assert that they are entitled to the full amount of their fees expended throughout the litigation. Based on the factual nature of their arguments, we review the district court's ruling for an abuse of discretion. *See Lorillard Tobacco Co.,* 611 F.3d at 1213.

In dealing with the bank defendants' motion for an award of fees, the district court conducted a thoughtful evaluation of the parties' conduct throughout the litigation. The court referred to its summary-judgment determination that West Ridge "ha[d] failed to articulate any legal basis for any of its claims against the Bank Defendants." Aplt. App., Vol. III, at 1001 (quotation omitted). West Ridge's arguments in response to the bank defendants' summary judgment motion "were groundless, and were not supported by any credible evidence." *Id.* at 1005. But, "[o]n the whole, and

-12-

after reviewing the entire record," the district court determined that West Ridge's earlier actions did not "lack[] substantial justification or improperly expand[] the proceedings to the extent that an award of attorneys' fees is justified under C.R.S. § 13-17-102."

The district court provided a reasonable justification for its award of fees relating to the bank defendants' summary judgment motion, but not to their full litigation efforts. This determination was well within the district court's discretion.

## IV.

Movant Anselmo's motion to be added as a party to these appeals is DENIED. The judgment of the district court in No. 10-1164 is AFFIRMED. The judgment of the district court in No. 10-1185 is also AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge