**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SONYA KING,

Plaintiff-Appellant,

v.

MIDLAND CREDIT MANAGEMENT,
INC.,

Defendant-Appellee.

No. 13-1225
(D.C. No. 1:11-CV-02808-CMA-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

This is an appeal from the district court's order denying plaintiff Sonya King's

supplemental motion for attorney's fees as untimely. We have jurisdiction under

28 U.S.C. § 1291 and affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

**Background**

Sonya King ("King") filed suit against Midland Credit Management, Inc. ("Midland") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p. Shortly after suit was filed, Midland served an offer of judgment for $1,001 that King accepted. The district court entered judgment against Midland for that amount, plus King's reasonable costs and attorney's fees, on December 28, 2011.

The parties stipulated as to costs, but could not agree as to attorney's fees. On January 11, 2012, King filed a timely motion in which she requested $3,810 in fees already incurred "plus . . . any additional amounts as determined by the Court." Aplt. App. at 50. Midland timely filed a response claiming the fee request was unreasonably high. As part of her reply brief filed on February 16, King asked for an additional $780 in fees for time spent reviewing Midland's response and drafting and filing her reply. *See id.* at 110.

The fee dispute was assigned to the magistrate judge, who recommended that King's motion be granted. Notably, however, the magistrate judge did not address the reply request for the additional $780. Midland objected to the magistrate judge's recommendation and King filed a response thereto.

In an August 20, 2012 order, the district court determined that Midland's objections had merit and lowered the magistrate judge's recommended fee award to $2,500. Like the magistrate judge, the district court did not address the request for attorney's fees contained in King's reply brief.

On August 30, 2012, King filed a supplemental motion for an additional $1,475 in fees. This request once again included time spent in drafting and filing her reply,[1] plus time spent on work performed after the magistrate judge had issued his recommendation. She also requested an unknown amount for future fees including those "expended by Plaintiff in reviewing the Defendant's response to this Motion, if any, and to Reply to the Defendant's Response, if any." *Id*. at 197. The court denied the supplemental motion as untimely, and King now appeals that determination. She also seeks fees for time spent on this appeal.

## Discussion

"We review a district court's decision on whether to award attorney fees for abuse of discretion, but we review de novo the district court's application of the legal principles underlying that decision." *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1276 (10th Cir. 2011) (internal quotation marks omitted).

Federal Rule of Civil Procedure 54 informs our decision in this case. The rule provides, among other things, that a request for attorney's fees "must be made by motion, . . . [and] [u]nless a statute or a court order provides otherwise, the motion must[] be filed no later than 14 days after the entry of judgment." Rule 54(d)(2)(A) & (B)(i). Under the rule, motions for attorney's fees must also "state the amount sought or provide a fair estimate of it." Rule 54(d)(2)(B)(iii).

---

[1] King lowered her request for this work to $600 in order to reflect the court-ordered hourly rate. King also deducted .1 hour for the actual filing of her reply.

It is beyond dispute that King filed her supplemental motion for attorney's fees well past the 14-day deadline imposed by Rule 54(d). As stated, the district court entered judgment in this case on December 28, 2011 and King did not file her supplemental motion for attorney's fees until August 30, 2012—approximately eight months later. There was no statute or court order extending the time for filing. Accordingly, King's supplemental motion for attorney's fees was untimely under the rule, as found by the district court.

King advances several excuses for her late filling in arguing for reversal. First, she argues that she "had no way of estimating what her future attorneys [sic] fees would be in the case as of the date she filed her initial Motion for Attorneys [sic] Fees." Aplt. Opening Br. at 6. She lists several unknowns, including whether Midland "would file a Response to the Motion, how detailed the Response would be and/or how long it would take Plaintiff's counsel to review the Response and the caselaw [sic] cited therein, if any," and prepare a reply. *Id.* She also speculates that "[a]ny amount that [she] had listed in her Motion as an estimate of her future fees . . . would be . . . attacked by the Defendant in its Response as not 'fair' or not a 'fair estimate.'" *Id*. at 7.

We reject this argument. Rule 54(d)(2)(B)(iii) requires only a "fair estimate"— not a precise number. As the district court explained, "[p]arties are clearly capable of foreseeing the need to defend fee motions . . . [and] [t]hey are also often capable of estimating the expense of doing so especially where, as here,

their attorneys have handled an extremely high number of remarkably similar cases." Aplt. App. at 244-45.  Simply put, King did not face an insurmountable obstacle in providing an estimate in her first motion.  Moreover, even if certain work was unforeseeable, King provides no authority for her position that a district court must accept a late-filed motion for additional fees under such circumstances.  We agree with the district court and Midland that courts would "tumble down the rabbit hole" if every fee request could be supplemented by ever-more fee requests.  *Id*. at 245.

Next, King argues her supplemental motion was in fact timely for two reasons. First, she claims her supplemental motion should relate back to her initial motion for fees.  She claims it was not a new motion, but merely, as titled, a "supplement" to her first.  Yet this argument obviously fails because King's supplemental motion sought fees for new work previously unmentioned.

Alternatively, King argues the clock did not begin to run under Rule 54(d) until long after the district court's entry of judgment.  She relies on *Bernback v. Greco*, Nos. 05-4642, 05-4643, 2007 WL 108293, at *2 (3d Cir. Jan, 16, 2007) (unpublished), in which the court held that a motion for attorney's fees filed more than 14 days following entry of the underlying judgment was timely because the fees were incurred in the successful opposition of post-judgment motions and an appeal. There, the court found that "the relevant event for purposes of a motion for supplemental fees is the entry of judgment that required the prevailing party to incur the additional fees"—not necessarily the district court's entry of judgment following

resolution of the case on the merits. *Id.* Yet even if we were inclined to apply this approach here, we would still find King's supplemental motion untimely. In this case, the only post-judgment event that required King to incur additional fees (beyond those requested in her first motion) was Midland's objection to the magistrate judge's recommendation. This is not a "judgment."

## Conclusion

For the foregoing reasons, we find no merit to King's arguments on appeal. The judgment of the district court is therefore affirmed.

We deny King's request for attorney's fees associated with her appeal.


Entered for the Court


Gregory A. Phillips
Circuit Judge