FILED
United States Court of Appeals
Tenth Circuit

December 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MIRACLE GASH,

Plaintiff-Appellant,

v.

CLIENT SERVICES, INC.,
a Missouri corporation,

Defendant-Appellee.

No. 13-1138
(D.C. No. 1:12-CV-01426-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

This is an appeal from the district court's order denying plaintiff Miracle

Gash's supplemental motion for attorney's fees as untimely. We have jurisdiction

under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

**Background**

Miracle Gash ("Gash") filed suit against Client Services, Inc. ("Client Services") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p. Shortly after suit was filed, Client Services served an offer of judgment for $1,001 that Gash accepted. The district court entered judgment against Client Services for that amount, plus reasonable costs and attorney's fees, on June 25, 2012.

The parties stipulated as to costs, but could not agree on attorney's fees. On July 9, 2012, Gash filed a timely motion for fees in which she requested $3,525 in fees already incurred "**plus any attorney's fees expended by Plaintiff in reviewing Defendant's response to this Motion, if any, and to Reply to the Defendant's Response,** if any." Aplt. App. at 37. Client Services timely filed a response claiming the fee request was unreasonably high. As part of her reply brief, Gash asked for an additional $575 in fees for time spent reviewing Client Services' response and drafting and filing her reply.

On September 14, Gash filed a supplemental motion for an additional $875 in fees. This request once again included time spent in drafting and filing her reply, plus time spent on subsequent work—including several emails to defense counsel, two phone calls, and a review of the file in preparation of drafting the supplemental motion. Client Services responded in opposition, arguing Gash's motion was untimely. Gash then filed a reply, in which she voluntarily reduced her total fee request to $3,500.

The district court granted in part and denied in part Gash's original motion for fees, finding that Gash was only entitled to an award of $2,550. The court did not address Gash's reply request for $575. However, in the same order, the court denied the supplemental motion as untimely. Gash appeals the district court's partial denial of her first motion and the full denial of her supplemental motion. She also seeks fees for time spent on this appeal.

**Discussion**

"We review a district court's decision on whether to award attorney fees for abuse of discretion, but we review de novo the district court's application of the legal principles underlying that decision." *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1276 (10th Cir. 2011) (internal quotation marks omitted).

Federal Rule of Civil Procedure 54 informs our decision in this case. The rule provides, among other things, that the request "must be made by motion, . . . [and] [u]nless a . . . court order provides otherwise, the motion must[] be filed no later than 14 days after the entry of judgment." Rule 54(d)(2)(A) & (B)(i). Under the rule, motions for attorney's fees must also "state the amount sought or provide a fair estimate of it." Rule 54(d)(2)(B)(iii).

It is beyond dispute that Gash filed her supplemental motion for attorney's fees well past the 14-day deadline imposed by Rule 54(d). As stated, the district court entered judgment in this case on June 25, 2012 and Gash did not file her supplemental motion for attorney's fees until September 14, 2012—approximately

- 3 -

three weeks later. There was no statute or court order extending the time for filing. Accordingly, King's supplemental motion for attorney's fees was untimely under the rule, as found by the district court.

Gash advances several excuses for her late filing in arguing for reversal. First, she argues that she "had no way of estimating what her future attorneys [sic] fees would be in the case as of the date she filed her initial Motion for Attorneys [sic] Fees." Aplt. Opening Br. at 7. She lists several unknowns, including whether Client Services "would file a Response to the Motion, how detailed the Response would be and/or how long it would take Plaintiff's counsel to review the Response and the caselaw [sic] cited therein, if any," and prepare a reply. *Id.* She also speculates that "[a]ny amount that [she] had listed in her Motion as an estimate of her future fees . . . would be . . . attacked by the Defendant in its Response as not 'fair' or not a 'fair estimate.'" *Id.* at 8.

It is unclear why Gash challenges the denial of her supplemental motion when it appears on the record that she withdrew her request for those fees. In fact, in her reply to her supplemental motion, Gash actually reduced her total fee request from the amount she initially requested.

Nevertheless, despite our confusion as to why Gash challenges the denial of her supplemental motion, we reject her argument. Rule 54(d)(2)(B)(iii) requires only a "fair estimate"— not a precise number. We are not persuaded that Gash's lawyer could not provide an estimate, particularly in light of his experience in this practice

area and with fee requests in particular. *See* Aplt. App. at 155. Simply put, Gash did not face an insurmountable obstacle in providing an estimate in her first motion.

Moreover, even if certain work was unforeseeable, Gash provides no authority for her position that a district court must accept a late-filed motion for additional fees under such circumstances. We agree with the district court and Client Services that a "request [for attorney's fees] would seem to have no end point" under such a rule; Gash and similarly situated litigants "could, in theory, continually ask for continued work in replying to [their] own motions, and then in filing new ones." *Id*. at 157.

Next, Gash argues her supplemental motion was in fact timely for two reasons. First, she claims her supplemental motion should relate back to her initial motion for fees. She claims it was not a new motion, but merely, as titled, a "supplement" to her first. Yet this argument obviously fails because Gash's supplemental motion sought fees for new work previously unmentioned.[1]

Alternatively, Gash argues the clock did not begin to run under Rule 54(d) until long after the district court's entry of judgment. She relies on *Bernback v. Greco*, Nos. 05-4642, 05-4643, 2007 WL 108293, at *2 (3d Cir. Jan. 16, 2007) (unpublished), in which the court held that a motion for attorney's fees filed more than 14 days following entry of the underlying judgment was timely because the fees

---

[1] The only request that wasn't new was the repeated request for fees associated with Gash's reply brief. Because this particular request was raised for the first time in Gash's initial reply, however, we find no error in the district court's decision not to address it—either in connection with the first motion or Gash's "supplement."

were incurred in the successful opposition of post-judgment motions and an appeal. There, the court found that "the relevant event for purposes of a motion for supplemental fees is the entry of judgment that required the prevailing party to incur the additional fees"—not necessarily the district court's entry of judgment following resolution of the case on the merits. *Id.* Yet even if we were inclined to apply this approach here, we would still find Gash's supplemental motion untimely. In this case, there was no post-judgment event that required Gash to incur additional fees (beyond those requested in her first motion).

## Conclusion

For the foregoing reasons, we find no merit to Gash's arguments on appeal. The judgment of the district court is therefore affirmed.

We deny Gash's request for attorney's fees associated with her appeal.


Entered for the Court


Gregory A. Phillips
Circuit Judge

- 6 -